UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALUK YILMAZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 26-cv-0122-BJC-MMP<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT** |

## BACKGROUND

Petitioner Haluk Yilmaz, a citizen of Turkey, entered the United States on May 29, 2024, and was paroled by release on recognizance on May 30, 2024. ECF No. 1 ¶¶ 2, 39; ECF No. 2-1. He was placed in removal proceedings and attended all scheduled hearings. *Id*. ¶ 40. Petitioner also received work authorization and found a place to live after his release. *Id*. ¶¶ 3, 44. On December 5, 2024, Petitioner filed an application for asylum. *Id*. ¶¶ 3, 43. On November 17, 2025, he was arrested and detained by Immigration and Customs Enforcement ("ICE") after being held at the gate to Camp Pendleton without explanation. *Id*. ¶¶ 4, 5, 45-47. Thereafter, he was transported to the Otay Mesa Detention Center. *Id*. ¶ 46.

On January 8, 2026, he filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asserting his continued detention violates the Administrative Procedure Act ("APA"), his Fifth Amendment due process rights, and the Fourth Amendment of the constitution. On January 13, 2026, Petitioner filed a Motion for Temporary Restraining Order seeking his immediate release from custody. ECF No. 2. This Court set a briefing schedule and issued a limited stay. ECF No. 3. Respondents filed a return to the petition on January 23, 2026. ECF No. 4. On January 23, 2026, Petitioner filed a traverse. ECF No. 6.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner asserts revocation of his parole without consideration of his individualized facts and circumstances, without a finding that he is a danger to the community or a flight risk, and absent a change to his facts and circumstances, violated the APA. ECF No. 1 ¶¶ 52-60.; ECF No. 2-1 at 7-8. He further asserts the revocation of his parole without an individualized determination deprived him of liberty without due process in violation of the Fifth Amendment. *Id*. ¶ 65; ECF No. 2-1 at 5. Additionally, he asserts his arrest and continued detention, without a judicial determination of probable cause, violates the Fourth Amendment. *Id*. ¶¶ 67-71.

Respondents do not address Petitioner's arguments. Instead, Respondents contend Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)", pursuant to the judgment

in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025).  ECF No. 5 at 2.

In his traverse, Petitioner argues the appropriate remedy is release from custody not a bond hearing.  ECF No. 6 at 4-6.  He also contends he should not be required to participate in the Alternative to Detention program, which requires the use of an ankle monitor, without the consideration of whether he is a flight risk or a danger to the community.  *Id*. at 6.

Respondents do not dispute Petitioner was released on parole on May 30, 2024, after it was determined he was not a danger or a flight risk.  Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]."  8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no notice, no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his parole and detention violates the Due Process Clause of the Fifth Amendment and the APA.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus.  Respondents shall immediately release Petitioner on his own recognizance under the previously determined conditions.  Respondents are enjoined from placing Petitioner in Alternative to Detention program and from placing an ankle monitor on Petitioner.  The petition is DENIED as to the remaining requests for relief.  Petitioner's motion for a temporary restraining order is DENIED as moot.  The Clerk of Court shall close this matter.

IT IS SO ORDERED.

Dated:  January 27, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

26-cv-0122-BJC-MMP